**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOAH CUEBAS, | |
| Petitioner, | |
| v. | Civil Action No. 2:12-02112 (ES) |
| UNITED STATES OF AMERICA, | **OPINION** |
| Respondent. | |

**SALAS, DISTRICT JUDGE**

This matter comes before the Court upon the Petition by Noah Cuebas ("Petitioner") for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2255. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After carefully considering the submissions of the parties and based upon the following, it is the finding of the Court that Petitioner's application for a writ of *habeas corpus* is denied.

**I.   BACKGROUND[1]**

In August 2006 and March 2009, Petitioner received an indictment and a superseding indictment in connection with the carjacking and shooting of a female referred to as Y.S. Petitioner pleaded guilty and informed the District Court that he intended to raise an insanity

---

[1] The facts set forth in this Opinion are taken from the statements in the parties' respective papers.

1

defense. The Court ordered two Bureau of Prisons psychologists to evaluate Petitioner's mental state. Both psychologists concluded that Petitioner was competent to stand trial.

When Petitioner testified at trial, the Government questioned him about the inconsistencies between his confessions to the police and his trial testimony. After Petitioner stated that he had nothing to gain by lying, the following conversation ensued:

> Government: You know if you are found not guilty by reason of insanity, you will get a hearing within 40 days of that verdict, do you not?
>
> Petitioner: That is the first time I'm hearing about that.
>
> Government: You know if you can tell them—convince the Bureau of Prisons at that hearing that you are not insane, that you will be released?

Defense counsel objected, and the Court sustained the objection. At sidebar, the Court determined that a limiting instruction was necessary to cure any prejudice caused by the improper questions. Defense counsel objected and moved for a mistrial. The Court denied this request.

Petitioner was convicted of one count of armed carjacking, in violation of 18 U.S.C. § 2119(2), and one count of discharging a firearm during the commission of a crime of violence, in violation of 18 U.S.C. § 924(c). Petitioner's sentencing occurred on February 2, 2010. The Court denied Petitioner's request for a downward departure based on his mental and emotional conditions, and instead departed upward in light of the extraordinary injuries inflicted on Y.S. and Petitioner's intent to commit murder. Petitioner was sentenced to consecutive terms of 300 months' imprisonment and life imprisonment. The Third Circuit affirmed the District Court's findings.

On April 10, 2012, Petitioner filed this Petition for a writ of *habeas corpus*. (D.E. No. 1). The Government filed an Answer on April 11, 2013. (D.E. No. 5).

## II. STANDARD OF REVIEW

28 U.S.C. § 2255 permits a court to vacate, correct, or set aside a sentence "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the minimum authorized by law, or is otherwise subject to collateral attack." See 28 U.S.C. § 2255. However, "Section 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'" United States v. DeRewal, 10 F.3d 100, 105 n.4 (3d Cir. 1993) (quoting Barton v. United States, 791 F.2d 265, 267 (2d Cir. 1986)). In the event a petitioner does not raise a claim on direct appeal, it "may not be raised on collateral review unless the petitioner shows cause and prejudice." Massaro v. United States, 538 U.S. 500, 504 (2003). The Court is mindful that the papers of a *pro se* litigant, like Petitioner in this case, are held to less demanding standards than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972); United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007).

## III. DISCUSSION

### A. Ineffective Assistance of Counsel Claims

To prevail on a claim of ineffective assistance of counsel, Petitioner must demonstrate that (1) counsel's performance was so deficient as to deprive him of the representation guaranteed to him under the Sixth Amendment of the U.S. Constitution, and (2) the deficient performance prejudiced the defense by depriving the defendant of a fair trial. Strickland v.

Washington, 466 U.S. 668, 687 (1984). To show prejudice under Strickland, Petitioner must demonstrate that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Rainey v. Varner, 603 F.3d 189, 197-98 (3d Cir. 2010) (quoting Strickland, 466 U.S. at 694). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Ross v. Varano, 712 F.3d 784, 797-98 (3d Cir. 2013) (quoting Strickland, 466 U.S. at 686).

Petitioner first argues that his counsel did not help him "understand anything." (D.E. No. 1 at 5). Petitioner provides no details as to what his counsel did not help him understand and simply states that his "education level is not that high." (Id.). This vague and conclusory allegation cannot support a petition for *habeas corpus*. See United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) ("[V]ague and conclusory allegations contained in a § 2255 petition may be disposed of without further investigation by the District Court."). Additionally, Petitioner fails to show how he was prejudiced by his counsel's alleged failure to help him understand the case.

Second, Petitioner claims that there is evidence that "another person called the police and admitted to this case," and he argues that his counsel was ineffective for not investigating this issue. (D.E. No. 1 at 5). However, Petitioner has not shown that there is a reasonable probability that the outcome of his trial would have been different had his counsel investigated this alleged admission, as there is no evidence that this phone call actually occurred. Furthermore, even if the call occurred, Petitioner has not shown that it would have refuted the overwhelming evidence presented against him at trial.

Finally, Petitioner argues that his counsel was ineffective because he pressured Petitioner into pursuing an insanity defense. Petitioner states that he feels that his "wishes were not respected." (Id.). However, Petitioner has not shown that he was prejudiced by relying on an insanity defense.

Accordingly, Petitioner's ineffective assistance of counsel claims are denied.

### B. Prosecutorial Misconduct Claim

Petitioner's second claim is that his Petition should be granted due to prosecutorial misconduct in light of the line of questioning discussed above. This claim fails for several reasons. First, "[m]any cases have held that Section 2255 generally 'may not be employed to relitigate questions which were raised and considered on direct appeal.'" DeRewal, 10 F.3d at 105 n.4 (quoting Barton, 791 F.2d at 267). Here, this issue was already litigated in Petitioner's appeal to the Third Circuit. Second, a conviction will only be set aside for prosecutorial misconduct "when the prosecutor's misconduct 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" United States v. Walker, No. 94-488, 2000 WL 378532, at *10 (E.D. Pa. Apr. 4, 2000) (quoting Darden v. Wainwright, 477 U.S. 168, 181 (1986)). Petitioner has not made this showing. The District Court corrected any prejudice by "quickly and adeptly instruct[ing] the jury that the questions assumed facts and a process that are not accurate." United States v. Cuebas, 415 F. App'x 390, 395 (3d Cir. 2011) (internal quotation marks omitted). Furthermore, as discussed above, the amount of evidence presented against Petitioner at trial was vast. Accordingly, Petitioner's prosecutorial misconduct claim is denied.

### C. Pretrial Motions Claim

Petitioner's final claim is that all of his pretrial motions "were denied when there were grounds to support them." (D.E. No. 1 at 8). Petitioner provides no additional information regarding this claim. Moreover, Petitioner already raised these issues in his appeal to the Third Circuit.[2] Accordingly, Petitioner's pretrial motions claim is denied.

### IV. CONCLUSION

For the reasons stated above, it is the finding of the Court that Petitioner's application for a writ of *habeas corpus* is denied. An appropriate Order accompanies this Opinion.

Dated: January 21, 2015

Esther Salas, U.S.D.J.

---

[2] While his Petition is vague, to the extent that Petitioner intended to include any issues that he did not raise in his direct appeal, those issues have not been preserved. See Riley v. United States, No. 10-2087, 2011 WL 3235698, at *2 (D.N.J. July 28, 2011) ("Claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice.").